UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAPPER LABS INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOES Nos 1 to 25, <br><br> Defendants. | Case No. 1:21-cv-01289-PAE |

**ORDER GRANTING PRELIMINARY INJUNCTION**

On February 22, 2021, this Court issued an Amended Order to Show Cause for Temporary Restraining Order and Preliminary Injunction (ECF Dkt. 27) (the "OSC"). In the OSC, this Court temporarily restrained and enjoined Defendants John Does Nos 1 to 25 ("Defendants"), and the directors, officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with Defendants who receive notice of that Order, from using the word mark "FLOW" (the "Flow Mark") in connection with the sale, offering for sale, advertising, marketing, and promoting of the Flow Protocol cryptocurrency token (the "FP Token"), including but not limited to as the ticker symbol for the FP Token or in the domain name <flowprotocol.io>, or in connection with any other blockchain or cryptocurrency. The temporary relief provided for in the OSC expired on March 5, 2021, when this Court held a hearing upon Plaintiff's application for a preliminary injunction.

For good cause shown, and for the reasons set forth in Plaintiff's application for a preliminary injunction and on the record during the March 5, 2021 hearing, it is hereby

ORDERED that, sufficient reason having been shown therefore, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, and the directors, officers, agents, servants,

employees, attorneys, and all other persons in active concert or participation with Defendants who receive notice of this Order, are preliminarily enjoined and prohibited from using the Flow Mark in connection with the sale, offering for sale, advertising, marketing, and promoting of the FP Token, including but not limited to as the ticker symbol for the FP Token or in the domain name <flowprotocol.io>, or in connection with any other blockchain or cryptocurrency; and it is further

ORDERED that, sufficient reason having been shown therefore, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1125(d)(1)(C), the domain name <flowprotocol.io> shall be transferred by its registrar, registry, or other applicable domain name authority to Plaintiff; and it is further

ORDERED that Plaintiff shall serve notice of this Order forthwith on Grant Gulovsen, and Plaintiff shall file an affidavit reflecting service of this Order on Mr. Gulovsen by March 9, 2021 at 5 o'clock p.m.; and it is further

ORDERED that, upon being served with this Order by Plaintiff, Mr. Gulovsen shall forthwith provide this Order to any and all of the Defendants on whose behalf he has been in contact with Plaintiff in this dispute and file an affidavit reflecting that he provided this Order to any and all of the Defendants he represents within forty-eight (48) hours of service of this Order on him.

Dated: New York, New York
March 8, 2021

_____
PAUL A. ENGELMAYER
United States District Judge